**2015-1996, -2074, -2075**

IN THE

# UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

MEDTRONIC INC.,

*Plaintiff-Cross-Appellant*,

v.

MIROWSKI FAMILY VENTURES, LLC,

*Defendant-Appellant*,

and

GUIDANT CORPORATION

and

BOSTON SCIENTIFIC CORPORATION,

*Defendants-Appellants*.

Appeals from the United States District Court for the District of Delaware in Case No. 1:07-cv-00823-SLR, District Judge Sue L. Robinson

## JOINT MOTION TO REVISE CAPTION AND FOR BRIEFING SCHEDULE

The parties jointly move to revise the caption to designate Defendants-Appellants Boston Scientific Corporation and Guidant Corporation (collectively "Boston Scientific") as Cross-Appellants in these appeals, and for a briefing schedule that provides for more logical and orderly briefing of the issues. As

explained below, these appeals are from a judgment that treated the defendants differently, awarding attorney's fees against Defendant-Appellant Mirowski Family Ventures, LLC, but not Boston Scientific. As a result, Boston Scientific is seeking *affirmance* of the judgment, but will be raising issues that are adverse to *both* Plaintiff-Cross-Appellant Medtronic Inc. and Mirowski. To aid the Court in this unusual "three-way" appeal, the parties propose a briefing schedule that will allow them each to respond to the other parties' arguments and present the issues in a logical and orderly way.

By way of background, these appeals are from a declaratory judgment action filed by Medtronic for noninfringement and invalidity of two patents owned by Mirowski and exclusively licensed to Guidant Corporation.[1] The Delaware district court (District Judge Sue L. Robinson) entered a judgment of noninfringement for Medtronic in 2011. After a lengthy appeal process, this Court affirmed the judgment of noninfringement in 2014. *Medtronic Inc. v. Boston Scientific Corp.*, 558 F. App'x 998 (Fed. Cir. 2014).

On remand, Medtronic sought its attorney's fees under a 1991 Agreement. On May 27, 2015, the district court granted Medtronic's motion for attorney's fees as to Mirowski and denied the motion as to Boston Scientific. The court then

---

[1] Boston Scientific acquired Guidant in 2006, at which time Guidant became a wholly owned subsidiary of Boston Scientific.

entered an order on August 26, 2015, granting Medtronic's request for attorney's fees as to Mirowski in the amount of $6,028,305.33.

Mirowski appealed from the judgment on September 2, 2015. Mirowski's appeal was docketed on September 9, 2015, as No. 2015-1996. Boston Scientific and Guidant were not designated as Appellees (they were designated "Not Parties"), even though they intend to participate and argue for affirmance of the judgment with respect to them.

Boston Scientific and Guidant then filed a Notice of Cross-Appeal on September 22, 2015. Although they are seeking affirmance of the judgment, Boston Scientific and Guidant filed this conditional cross-appeal so they can argue alternative grounds for affirmance that were not accepted by the district court, but if accepted, could result in modifying other parts of the judgment. Specifically, Boston Scientific intends to argue that the district court should not have awarded any attorney's fees under the 1991 Agreement, including that Medtronic's motion for attorney's fees was untimely under Fed. R. Civ. P. 54(d)(2). This cross-appeal was docketed on September 24, 2015, as No. 2015-2074. It was consolidated with appeal No. 2015-1996, and Boston Scientific and Guidant were redesignated as "Appellants," even though they are actually seeking affirmance of the judgment with respect to them. (Docket Entry 17 and 18.)

Medtronic filed its own Notice of Cross-Appeal on September 24, 2015. Medtronic's cross-appeal was docketed as No. 2015-2075 on September 25, 2015, and consolidated with appeal Nos. 2015-1996 and 2015-2074. (Docket Entry 17.) A Clerk's Note to the File noted that "Appellants' briefs are due on 11/24/15" (Docket Entry 19), presumably meaning that both Mirowski's and Boston Scientific's opening briefs are due then.

First, because Boston Scientific and Guidant are seeking *affirmance* of the judgment with respect to them, they should not be designated as "Appellants" or file the first opening brief. Although Boston Scientific intends to raise alternative grounds for affirmance that were not accepted by the district court, these issues will be raised in its conditional cross-appeal. Accordingly, the parties request that Boston Scientific and Guidant be redesignated as Cross-Appellants.

Second, because these consolidated appeals present an unusual "three-way" appeal where each party intends to make arguments that are adverse to the others, the parties propose a briefing schedule that provides for more logical and orderly briefing of the issues. Specifically, the parties propose that Mirowski, as the appellant seeking reversal of the judgment, file the first opening brief. Cross-Appellant Boston Scientific will file the next brief, as it will argue for affirmance and make alternative arguments on its cross-appeal that, if accepted, would result in modifying the judgment in a way that is adverse to Medtronic. Medtronic will

then file the third brief responding to the arguments of both Mirowski and Boston Scientific and raising any issues on its own cross-appeal.

The full proposed briefing schedule is as follows:

- Appellant Mirowski files its opening brief on November 24, 2015.

- Cross-Appellant Boston Scientific files its opening brief 40 days after Mirowski's opening brief, responding to Mirowski's opening brief and raising any issues on its cross-appeal.

- Cross-Appellant Medtronic files its opening brief 40 days after Boston Scientific's opening brief, responding to both Mirowksi's and Boston Scientific's briefs and raising any issues on its own cross-appeal.

- Mirowski files its combined reply and response to Boston Scientific's and Medtronic's cross-appeals 40 days after Medtronic's opening brief.

- Boston Scientific and Medtronic file their reply briefs on their respective cross-appeals 14 days after Mirowski's combined response/reply brief. In accordance with Fed. R. App. 28.1, those reply briefs must be limited to the issues presented by their respective cross-appeals.

The parties do not intend by this proposed briefing schedule to preclude any other party from requesting an extension of time under Fed. Cir. R. 26(b) where good cause is shown.

For these reasons, the parties jointly move to revise the caption to designate Boston Scientific and Guidant as Cross-Appellants in these appeals, and for a briefing schedule as set forth above or as the Court otherwise deems appropriate.

5

Date: October 30, 2015                    Respectfully submitted,

 /s/ Stacie E. Oberts
Martin R. Lueck
Stacie E. Oberts
ROBINS, KAPLAN, MILLER &
 CIRESI, LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402
(612) 349-8500

Attorneys for Plaintiff-Cross-Appellant
MEDTRONIC INC.

 /s/ Arthur I. Neustadt
Arthur I. Neustadt
Thomas J. Fisher
John F. Presper
OBLON, McCLELLAND, MAIER
 & NEUSTADT, LLP
1940 Duke Street
Alexandria, Virginia 22314
(703) 413-3000

Attorneys for Defendant-Appellant
MIROWSKI FAMILY VENTURES, LLC

 /s/ J. Michael Jakes
J. Michael Jakes
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 408-4000

Attorneys for Defendants-Appellants
BOSTON SCIENTIFIC CORPORATION
and GUIDANT CORPORATION

# CERTIFICATE OF INTEREST

Counsel for Plaintiff-Cross-Appellant Medtronic Inc. certifies the following:

1. The full name of every party or amicus represented by me is:

    Medtronic Inc.

2. The name of the real party in interest represented by me is:

    None

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party represented by me are:

    None

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this Court are:

    ROBINS, KAPLAN, MILLER & CIRESI, LLP
    Martin R. Lueck, Jan M. Conlin*, Stacie E. Oberts,
    Richard M. Martinez, Sharon E. Roberg-Perez,
    Christopher A. Seidl
    (*no longer with the firm)

    CONNOLLY, BOVE, LODGE & HUTZ LLP
    Arthur G. Connolly, III

    SHAW KELLER LLP
    John W. Shaw, Karen E. Keller, David M. Fry

                                  /s/ Stacie E. Oberts
                                  Stacie E. Oberts
                                  Attorney for Plaintiff-Cross-Appellant
                                  MEDTRONIC INC.

# CERTIFICATE OF INTEREST

Counsel for Defendant-Appellant Mirowski Family Ventures, LLC, certifies the following:

1. The full name of every party or amicus represented by me is:

    Mirowski Family Ventures, LLC

2. The name of the real party in interest represented by me is:

    None

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party represented by me are:

    None

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this Court are:

    OBLON, McCLELLAND, MAIER & NEUSTADT, LLP
    Arthur I. Neustadt, Michael E. McCabe*,
    Thomas J. Fisher, Barry J. Herman*, John F. Presper
    (* no longer with firm)

    POTTER, ANDERSON & CORROON, LLP
    Richard L. Horowitz, David E. Moore

    /s/ Arthur I. Neustadt
    Arthur I. Neustadt
    Attorney for Defendant-Appellant
    MIROWSKI FAMILY VENTURES, LLC

# CERTIFICATE OF INTEREST

Counsel for Defendants-Appellants Boston Scientific Corporation and Guidant Corporation certifies the following:

1. The full name of every party or amicus represented by me is:

   Boston Scientific Corporation
   Guidant Corporation

2. The name of the real party in interest represented by me is:

   Boston Scientific Corporation
   Guidant Corporation

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party represented by me are:

   Guidant Corporation is a wholly owned subsidiary of Boston Scientific Corporation. No publicly held company owns more than 10% of the stock of Boston Scientific Corporation.

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this Court are:

   RICHARDS, LAYTON & FINGER, PA
   Frederick L. Cottrell, III, Travis S. Hunter, Anne Shea Gaza (no longer with the firm)

   FINNEGAN, HENDERSON, FARABOW,
     GARRETT & DUNNER, LLP
   J. Michael Jakes, Naveen Modi (no longer with the firm)

   /s/ J. Michael Jakes
   J. Michael Jakes
   Attorney for Defendants-Appellants
   BOSTON SCIENTIFIC CORPORATION
   and GUIDANT CORPORATION

## CERTIFICATE OF SERVICE

I certify that on October 30, 2015, this Joint Motion to Revise Caption and for Briefing Schedule was filed electronically using the CM/ECF system and served via the CM/ECF system on all counsel of record.

      /s/ J. Michael Jakes